| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. |
| | | |
| STEPHANIE BRYANT-LIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SENIOR LIVING WINDERMERE, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Comes now the Plaintiff, STEPHANIE BRYANT-LIPP, and for her Complaint against the Defendant, SENIOR LIVING WINDERMERE, LLC, and in this request for a jury trial, alleges and says:

1) The Plaintiff, STEPHANIE BRYANT-LIPP, is a resident of Hamilton County, in the State of Indiana.

2) The Defendant, SENIOR LIVING WINDERMERE, LLC, is a For Profit Domestic Corporation registered and doing business in the State of Indiana.

3) The Defendant, SENIOR LIVING WINDERMERE, LLC, owns and operates a senior living village under the name of Independence Village of Fishers located at 9745 Olympia Dr., Fishers, IN 46037, Hamilton County, State of Indiana.

4) On October 22, 2020, at approximately 2:30 p.m., the Plaintiff, STEPHANIE BRYANT-LIPP, was visiting Independence Village of Fishers located at 9745 Olympia Dr., Fishers, IN 46037, Hamilton County, State of Indiana.

5) At the aforementioned time and place, the Plaintiff, STEPHANIE BRYANT-LIPP, was walking between the entry door and the inner security door of the entrance to

Independence Village of Fishers located at 9745 Olympia Dr., Fishers, IN 46037, Hamilton County, State of Indiana when she slipped and fell to the ground as the entry rug that slid under her feet.

6) At the time of this incident, the Plaintiff, STEPHANIE BRYANT-LIPP, was an invitee on the Defendant's premises located at 9745 Olympia Dr., Fishers, IN 46037, Hamilton County, State of Indiana.

7) Plaintiff, STEPHANIE BRYANT-LIPP, was on the property for the financial benefit of the Defendant.

8) At the time of the incident, the Defendant owed to the Plaintiff, STEPHANIE BRYANT-LIPP, a duty to exercise reasonable care in maintaining its premises in a reasonably safe condition. Kroger Co. v. Haun, 379 N.E.2d 1004 (Ind.App.1978).

9) At the time of the incident, the Plaintiff, STEPHANIE BRYANT-LIPP, had a right to assume the Defendant had carried forth its duty to maintain its premises in a reasonably safe condition. Kroger Co. v. Haun, 379 N.E.2d 1004 (Ind.App.1978).

10) At the time of the incident, the Defendant was negligent in that it failed to exercise reasonable care in maintaining its premises in a reasonably safe condition.

11) At the time of this incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee by a condition on land if it:

    a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;

    b) should expect that its invitees will not discover or realize the danger, or will fail to protect themselves against it; and

    c) fails to exercise reasonable care to protect its invitees against the danger.

Douglas v. Irvin, 549 N.E.2d 368 (Ind. 1990); Wal-Kart Stores, Inc. v. Wall, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

12) At the time of this incident, the Defendant knew or in the exercise of reasonable care would have discovered that the rug located on its property was prone to sliding and displacement underfoot and should have realized that it involved an unreasonable risk of harm to its invitees.

13) At the time of this incident, the Defendant should have expected that its invitees would not realize or discover the rug located on its property was prone to sliding and displacement underfoot, or would fail to protect themselves against it.

14) At the time of this incident, the Defendant failed to exercise reasonable care in protecting its invitees by having rug located on its property that was prone to sliding and displacement underfoot, by reasonably warning its invitees of the condition of the rug on its property, and/or by not allowing its invitees to use this particular rug.

15) At the time of this incident, the Defendant owed a duty to the Plaintiff, STEPHANIE BRYANT-LIPP, to warn her of the hazard on the Defendant's property. Duffy v. Ben Dee, Inc., 651 N.E.2d 320 (Ind. App. 1995); Burrell v. Meads, 569 N.E.2d 637 (Ind. 1991); Douglas v. Irvin, 549 N.E.2d 368, 369 (Ind. 1990).

16) The Defendant's duty to warn the plaintiff, STEPHANIE BRYANT-LIPP, of any hazards on its property is not limited to only those dangers of which the defendant is aware. The Defendant, as a business invitor, has a duty to exercise reasonable care to discover defects or dangerous conditions on its property, and is charged with knowledge of any dangerous conditions that it could have discovered in the exercise reasonable care. Lutheran Hosp. of Indiana, Inc. v. Blaser, 634 N.E.2d 864 (Ind. App. 1994).

17) At the time of this incident, the Defendant was negligent in failing to warn the Plaintiff, STEPHANIE BRYANT-LIPP, of the condition of the rug located on its property.

18) At the time of this incident, the Plaintiff, STEPHANIE BRYANT-LIPP, did not observe that the rug located on its property was prone to sliding and displacement underfoot until it caused her to slip and fall.

19) As a direct and proximate result of the Defendant's negligence, Plaintiff, STEPHANIE BRYANT-LIPP sustained physical injury.

20) As a direct and proximate result of the Defendant's negligence, Plaintiff, STEPHANIE BRYANT-LIPP, has incurred medical costs and will continue to incur such expenses.

21) As a direct and proximate result of Defendant's negligence, Plaintiff, STEPHANIE BRYANT-LIPP, has experienced pain, mental anguish and loss of enjoyment of life as a result of her personal injuries.

WHEREFORE, the Plaintiff, STEPHANIE BRYANT-LIPP, respectfully requests judgment against the Defendant, SENIOR LIVING WINDERMERE, LLC, in an amount reasonable to compensate her for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

Respectfully Submitted,

KLEZMER MAUDLIN, P.C.

/s/ *Randal M. Klezmer*

Randal M. Klezmer, #16442-06
Attorney for Plaintiffs

KLEZMER MAUDLIN, P.C.
8520 Center Run Drive
Indianapolis, IN 46250

- 4 -
## REQUEST FOR JURY TRIAL

Comes now Plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

    Respectfully Submitted,

    KLEZMER MAUDLIN, P.C.

    /s/ *Randal M. Klezmer*
    _____
    Randal M. Klezmer, #16442-06
    Attorney for Plaintiffs

KLEZMER MAUDLIN, P.C.
8520 Center Run Drive
Indianapolis, IN 46250
(317) 569-9644
Rklezmer@klezmermaudlin.com

_____